**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ROY OWENS D/B/A ROCA CONSTRUCTION COMPANY, § § § | |
| Plaintiffs, § § | |
| v. § | CIVIL ACTION NO. H-05-3679 |
| § § | |
| SPANISH VILLAGE COMMUNITY DEVELOPMENT CORPORATION, *et al.*, § § § § | |
| Defendants. § § | |

**MEMORANDUM AND ORDER**

This case arises out of a contract dispute between plaintiff Roy Owens d/b/a ROCA Construction Company ("ROCA") and defendant Spanish Village Community Development Corporation ("Spanish Village"). Spanish Village contracted with ROCA to renovate an apartment complex that Spanish Village acquired using funds from the United States Department of Housing and Urban Development ("HUD"). ROCA added HUD as a defendant in its First Supplemental Original Petition in state court, alleging that HUD provided the funding for the renovations and was a necessary party to the action. (Docket Entry No. 1, Attach. 13). HUD removed this case from state court on October 27, 2005 under 28 U.S.C. § 1442(a)(1). (Docket Entry No. 1). HUD now moves for dismissal of the claims against it for two reasons: (1) this court lacks subject matter jurisdiction; and (2) the petition fails to state a claim on which relief may be granted.

Based on the parties' pleadings and the applicable law, this court grants HUD's motion to dismiss and remands the remaining claims to state court. The reasons for this decision are explained below.

I.  **Background**

In its contract with Spanish Village, the owner of the apartment complex, ROCA agreed to complete the renovation work within 280 days, and Spanish Village agreed to pay for the work according to a schedule. (Docket Entry No. 1, Attach. 2). HUD was not a party to the contract.

Spanish Village had acquired the apartments through a grant from HUD. (Docket Entry No. 1, Attach. 3; Docket Entry No. 4). Spanish Village was obligated under a special warranty deed and its HUD grant to rehabilitate the apartments. After HUD determined that Spanish Village had defaulted on its obligation to restore the apartments, HUD stopped paying the grant money to Spanish Village for the restoration work. (*Id.*). In its answer to ROCA's suit, Spanish Village alleged that ROCA's failure to complete the renovations in a timely manner and ROCA's substandard workmanship contributed to Spanish Village's default under the HUD agreement, its loss of the HUD grant money, and its failure to complete its contract with ROCA. (Docket Entry No. 1, Attach. 3). ROCA's First Supplemental Original Petition asserts that HUD is a necessary party to the action because Spanish Village's funding for the renovation was "through Housing and Urban Development" and is "within the possession and control of and being held by HUD . . . ." (Docket Entry No. 1, Attach. 13).

II.  **The Applicable Legal Standards**

Under Rule 12 of the Federal Rules of Civil Procedure, a federal court may dismiss a case for "lack of jurisdiction over the subject matter." In examining a Rule 12(b)(1) motion, a court may consider matters of fact that may be in dispute. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Ramming*, 281 F.3d at 161; *Home Builders*, 143 F.3d at 1010.

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) dismissal is appropriate only if there is no set of facts that could be proven consistent with the complaint allegations that would entitle the plaintiff to relief. *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id.* To avoid dismissal, however, a court need not "accept as true conclusory allegations or unwarranted deductions of fact." *Id.* (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). In considering a Rule 12(b)(6) motion to dismiss, a court must limit itself to the contents of the pleadings, with one important exception. In *Collins*, 224 F.3d at 498–99, the Fifth Circuit approved the district court's consideration of documents the defendant attached to a motion to dismiss. In *Collins* and later in *Scanlan*, the Fifth Circuit made it clear that "such consideration is limited to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." 343 F.3d at 536, citing *Collins,* 224 F.3d at 498–99. Other courts approve the same

practice, stating that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *see also Field v. Trump*, 850 F.2d 938, 949 (2d Cir. 1998); *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994).

### III.   Analysis

"'It is elementary that the United States, as sovereign, is immune from suits save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). "'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'" *Dep. of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). The Tucker Act, 28 U.S.C. § 1346(a), provides a limited waiver of sovereign immunity and a grant of jurisdiction. It applies when an action against the United States or its agencies is "founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1346(a)(2).[1]   "Courts must strictly construe all waivers of the federal

---

[1] ROCA does not allege any tort claims against HUD. This court would also lack jurisdiction over any such claims. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, is the exclusive remedy for tort claims against the United States or its agencies. It requires a claimant to comply with administrative exhaustion requirements, which ROCA does not allege. Under the FTCA, no action may be brought against the United States unless the claimant first presents the claim to the appropriate federal agency. 28 U.S.C. § 2675(a). A court lacks jurisdiction to entertain an action commenced before satisfaction of the administrative exhaustion requirements. *McNeil v. United States*, 508 U.S. 106, 109 (1993); *Warrum v. United States*, 427 F.3d 1048, 1050 (7th Cir. 2005). The United States, and not the responsible agency, is the proper party defendant in a Federal Tort Claims Act suit. *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Suit against HUD would in any case be improper.

government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign." *Linkous*, 142 F.3d at 275.

A plaintiff must be in contractual privity with the United States to file suit on a contract claim under the Tucker Act. *S. California Federal Sav. & Loan Ass'n v. United States*, 422 F.3d 1319, 1328 (Fed. Cir. 2005). "Not only is privity a fundamental requirement of contract law, but it takes on even greater significance in cases [against the government] because the 'government consents to be sued only by those with whom it has privity of contract.'" *S. California*, 422 F.3d at 1328 (quoting *Erickson Air Crane Co. of Wash. v. United States*, 731 F.2d 810, 813 (Fed. Cir. 1984)). The Tucker Act allows suit on both express and implied contracts. 28 U.S.C. § 1346(a)(2). An "implied contract" is "'founded upon a meeting of the minds, which, although not embodied in an express contract, is inferred, as a fact, from the conduct of the parties showing, in light of the surrounding circumstances, their tacit understanding.'" *United Pacific Ins. Co. v. United States*, 26 Cl. Ct. 773, 778 (Cl. Ct. 1992) (quoting *Baltimore & Ohio R.R. v. United States*, 261 U.S. 592, 597 (1923)). The elements necessary to establish either an express or implied contract are the same: "an offer, acceptance and consideration." *Fincke v. United States*, 675 F.2d 289, 295 (Ct. Cl. 1982).

ROCA has not alleged or presented facts that show either an express or an implied contract between it and HUD. ROCA does not allege that HUD was a party to the contract on which it is suing. ROCA alleges only that HUD is a "necessary party to this cause." (Docket Entry No. 1, Attach. 13). The construction contract, which forms the basis for

ROCA's suit, is between Spanish Village and ROCA. (Docket Entry No. 1, Attach. 2).

ROCA argues in its response to HUD's motion that it was a third-party beneficiary to the agreement between Spring Valley and HUD. (Docket Entry No. 5). The rights of a third-party beneficiary spring from the contract and are determined by general contract law. *A.L. Rowan & Son, General Contractors, Inc. v. Department of Housing & Urban Development*, 611 F.2d 997, 1000–01 (5th Cir. 1980). Third-party beneficiary status requires that the contracting parties had an express or implied intention to benefit directly the party claiming such status. *Alpine County, California v. United States*, 417 F.3d 1366, 1368 (Fed. Cir. 2005); *see also* 13 WILLISTON ON CONTRACTS § 37:8 (4th ed. 2000) (party suing as a third-party beneficiary has the burden of showing that a contract provision was for his or her direct benefit). Parties are presumed to be contracting for themselves only. *Bridas S.A.P.I.C. v. Government of Turkmenistan*, 345 F.3d 347, 362 (5th Cir. 2003) (citing *Fleetwood Enterps., Inc. v. Gaskamp*, 280 F.3d 1069, 1075–76 (5th Cir. 2002)). "This presumption may be overcome only if the intent to make someone a third-party beneficiary is 'clearly written or evidenced in the contract.'" *Id.* (quoting *Fleetwood*, 280 F.3d at 1076). ROCA has not alleged or presented any facts that show an intent by HUD or Spring Valley to enter the agreement for ROCA's benefit. This court does not have subject matter jurisdiction over the claims alleged in ROCA's First Supplemental Original Petition.

This case was removed from state court by HUD, on the basis of HUD's involvement in the case. This court lacks jurisdiction over the claims against HUD; no federal claims remain. When all federal claims are resolved early in a lawsuit and only state law claims

remain, a court should remand the case to state court. *Beiser v. Weyler*, 284 F.3d 665, 675 (5th Cir. 2002); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992); *see also* 28 U.S.C. § 1441(c) (granting court discretion to remand claims as to which state law predominates).

## IV.   Conclusion

HUD's motion to dismiss is granted. The claims against the United States Department of Housing and Urban Development are dismissed for lack of subject matter jurisdiction. Alternatively, the claims are dismissed for failure to state a claim upon which relief may be granted. The remaining claims are remanded to the 190th Judicial District Court of Harris County, Texas.

SIGNED on January 31, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge